**Kurt D. FICKIE, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 04–3035.

United States Court of Appeals, Federal Circuit.

April 7, 2004.

James M. Meister, Principal Attorney, Franklin E. White, Jr., David M. Cohen, of Counsel, Department of Justice, Washington, DC, for Respondent.

Kurt D. Fickie, of Counsel, Austin, TX, pro se.

Before CLEVENGER, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Kurt D. Fickie seeks review of the final decision of the Merit Systems Protection Board ("Board") sustaining his removal by the Department of the Army ("agency") for misconduct. *Fickie v. Dep't of the Army*, No. PH0752960442–B–1, 2003 WL 22299936 (Sept. 29, 2003). We *affirm*.

I

Mr. Fickie was removed by the agency from his GS–801–14 position on charges of defiance of authority, false statements and misrepresentations on a form SF–171 pertaining to his qualifications, and use of false documents. He appealed his removal to the Board, asserting several grounds of prejudicial error.

The Administrative Judge to whom Mr. Fickie's appeal was assigned decided on December 3, 1999, that the agency had proved its charges by a preponderance of the evidence, and that Mr. Fickie's several allegations of error lacked merit. Mr. Fickie petitioned the full Board for review of that decision, and the full Board remanded the case to the Administrative Judge for further consideration, principally to conduct further review of Mr. Fickie's allegation that his removal was a reprisal for his having made protected Whistleblower Protection Act disclosures.

After further consideration on remand, the Administrative Judge again held that the agency had proven by a preponderance of the evidence that Mr. Fickie committed the charged acts of misconduct, and that Mr. Fickie had not sustained any of his defenses and allegations of procedural error. The full Board declined his second petition for review, a 116–page, single-spaced catalog of errors, and the initial decision of the Administrative Judge thus became the final decision of the Board. Mr. Fickie timely sought review in this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9) (2000).

II

■ Drawing from his lengthy petition for review to the full Board, Mr. Fickie identifies his issues of error in the order of their importance. The grounds of error cited by Mr. Fickie are:

1. Incorrect credibility assessments by the Board

2. The facts of this case are indistinguishable from those in *Sullivan v. Dep't of the Navy*, 720 F.2d 1266 (Fed.Cir.1983)

3. Violation of the Whistleblower Protection Act

4. Absence of evidence to support the charge of defiance of authority

5. Illegality of the notice of removal

6. Illegal seizure of his property

7. Violation of USERRA

8. Violation of Electronics Communication Privacy Act

9. Denial of a hearing

10. Denial of discovery materials

11. Failure to apply laches to the agency

12. Procedural error by the full Board in denying the second petition for review.

Other than issues 6 and 12, each of the issues Mr. Fickie presents to this court were fully presented to the Administrative Judge and to the full Board. The 54–page decision of the Administrative Judge, which stands as the final decision of the Board, explains the reasons why the Board made the credibility judgments it did. Those judgments, absent circumstances not here present, are unreviewable. *See*

*Hambsch v. Dep't of the Treasury,* 796 F.2d 430 (Fed.Cir.1986).

■ The final decision also rejects Mr. Fickie's contention that *Sullivan* demands reversal of his removal and his contentions that his removal was prompted as a reprisal for violation of his rights under the Whistleblower Protection Act. Ample evidence was produced by the agency to sustain the charge of defiance of authority, and the Board correctly dismissed Mr. Fickie's argument that the agency erred in amending its notice of removal to charge him with having lied about his credentials on an official form when he applied for his job with the agency, and with falsifying documents. To the extent that the issue of illegal seizure of property was intertwined with his allegations of violation of the Electronics Communication Privacy Act, the Board correctly rejected Mr. Fickie's arguments. To the extent Mr. Fickie argues in this court that his removal must be rescinded because certain of his books and papers were held in custody by the agency, we reject that contention out of hand.

The Board explained in detail, and correctly, why Mr. Fickie's defense of violation of USERRA fails, and the record itself demonstrates why no actual hearing was held: Mr. Fickie's representative failed to contact the Board and attempts to reach Mr. Fickie and his representative were unsuccessful. Mr. Fickie's allegations of access denial to materials is explained and rejected, properly, by the Board's final decision, as is his argument that the agency should be barred by laches from charging him with lying in his job application and falsification of the record, since he committed those offenses long ago, and in his view it is now too late for the agency to complain about those transgressions.

Finally, Mr. Fickie's argument that the Board's rejection of his second petition for review is reversible error—made here for the first time—is without merit. In his words, Mr. Fickie argues that the Board denied his petition for review "to avoid public disclosure of the improper handling of this appeal." Mr. Fickie purports to support this borderline outrageous allegation of impropriety by the Board with reference to the various procedural errors he elsewhere recited to the Board and to this court—allegations of error that lack merit. Mr. Fickie seems to have forgotten that the Board he now belittles is the Board that accepted his first petition for review favorably, granting him a second opportunity to defend himself from the charges of misconduct for which there is more than substantial evidence in the record to demonstrate by even clear and convincing evidence that those charges are true.

We must affirm the final judgment of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. When the final decision of the Board rests on findings of fact, those findings must be supported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

We have reviewed carefully the voluminous briefs presented by the parties and the record they bring to this court. We have considered all of Mr. Fickie's allegations of error, including the allegations of error in his 116–page petition for review. The Board's fact-findings on each of the points of error alleged by Mr. Fickie are supported by substantial evidence, and we perceive no legal error in the Board's final decision, which we accordingly affirm.